IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY HARPER**                                                                         **PLAINTIFF**

**V.**                                                              **CAUSE NO. 3:14-CV-580-CWR-FKB**

**JOHN WILKAITIS; BRENTWOOD**                                 **DEFENDANTS**
**ACQUISITION, INC.**

## ORDER

Before the Court is Brentwood Acquisition's motion for summary judgment. Docket No. 90. The matter is fully briefed. After considering the evidence, arguments, and applicable law, the motion will be denied.

**I.     Factual and Procedural History**

On October 24, 2012, Kimberly Harper and Joseph Kwentus were walking on the campus of Brentwood Behavioral Healthcare, a mental health facility in Flowood, Mississippi. Harper was an employee of Precise Research, a company which leased office space from Brentwood and helped care for Brentwood's patients. Kwentus was her supervisor at Precise Research and Brentwood's Director of Adult Services.

A few minutes after five in the afternoon, Harper and Kwentus were returning to Precise Research from reviewing charts or seeing patients at Brentwood's Adult Unit. There was no sidewalk, so they walked in the road. Harper and Kwentus then entered a "T" intersection. At that moment, a car driven by John Wilkaitis entered the intersection and struck Harper, causing her injuries.

Harper subsequently filed this lawsuit against Wilkaitis and Brentwood. She claimed that Wilkaitis is liable to her for negligent operation of his motor vehicle because he failed to keep a lookout and stop before colliding with her. She also claimed that Brentwood is liable to her for

maintaining an unsafe premises: the intersection didn't have a stop sign, she said, and the view was obstructed by "dark material" placed on nearby fencing.

After discovery, this motion followed.

## II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations and quotation marks omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

## III. Discussion

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by looking to decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

A. **Apportionment of Fault**

Brentwood claims it is entitled to summary judgment because the evidence shows that Wilkaitis was solely responsible for the crash. It argues that Wilkaitis – who approached the intersection from the bottom of the "T," so to speak – should have stopped when he reached the intersection so that he could look left and right. Because he did not stop, Brentwood says, the responsibility for Harper's injuries lies with him and him alone.

Harper agrees. Her expert says Wilkaitis is the only responsible party. He should have stopped at the "T" and looked left before turning. Instead, he tried to cut the corner and hit Harper.

Wilkaitis, in contrast, argues that the black mesh fencing material running alongside the left side of the road obstructed his vision and that Brentwood should have installed traffic signs. His accident reconstructionist is prepared to testify to that effect. The gravamen of Wilkaitis' response is that Brentwood bears some degree of responsibility for his accident.

Under Mississippi law,

> [t]he absence of any traffic control device at an intersection does not render the intersection unsafe for use by persons exercising ordinary care and caution for their own safety . . . . [W]here there is no sign to direct them, the motorists must abide by the rules of the road and they may not complain of the absence of a traffic control device.

*Nathaniel v. City of Moss Point*, 385 So. 2d 599, 602 (Miss. 1980).

Wilkaitis argues that *Nathaniel* is distinguishable because it involved municipal liability, whereas our accident occurred on private property. The quoted portion of the opinion, however, does not rest on the immunity the government receives in placing (or failing to place) traffic signs or signals. *Nathaniel* simply stands for the proposition that you have to follow the rules of the road even if traffic signs or signals are absent or inadequate.

3

The rules of the road require a driver to stop when he reaches the top of a "T" intersection, so that he may safely look left and right before turning. The absence of a stop sign at the intersection did not relieve Wilkaitis of his duty to stop and look. In his deposition, in fact, Wilkaitis admitted that he knew he had to come to a complete stop and proceed cautiously. Docket No. 90-5, at 3. The video suggests that he did not. Under Mississippi law, therefore, his inadequate-signage theory of premises liability cannot be presented to the jury.

Having reviewed the video and the other evidence, though, there remains a fact dispute as to the degree of Brentwood's responsibility for the accident. The video was taken from such a distance and angle which leaves room for the jury to consider whether Brentwood's dark fencing material somehow obstructed Wilkaitis' view or contributed to his negligence. It is not clear that Brentwood will ultimately bear any liability given the video showing that Wilkaitis failed to stop when he reached the top of the "T," but the role of the fencing material in the accident is a factual determination reserved to the jury.

Because apportionment of fault is an affirmative defense, Wilkaitis will have the burden of persuading the jury that Brentwood's premises was unreasonably dangerous. *See Eckman v. Moore*, 876 So. 2d 975, 989 (Miss. 2004).

### B. The Duty Owed to Harper

Brentwood then argues that Harper was a licensee at the time of the accident, in its effort to secure a less demanding legal duty. Harper responds that she was an invitee.

The Supreme Court of Mississippi has held that "an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage," whereas "[a] licensee is one who enters upon the property of another for

his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner." *Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004) (citations and emphasis omitted).

Mississippi law shows Harper to be correct. Brentwood benefitted from her presence on the property by renting office space to her employer and by the patient care partnership it had with her employer. She was an invitee.

### C.     "Motion to Strike"

Lodged in its rebuttal is Brentwood's contention that Wilkaitis' expert report should be stricken because it is inconsistent with the video of the accident and unreliable under *Daubert*. These arguments will be resolved via Harper's motion to compel and/or strike, which was filed just a few days ago.

## IV.    Conclusion

The motion is denied.

**SO ORDERED**, this the 18th day of May, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE