### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**KIMBERLY HARPER**                                                                     **PLAINTIFF**

**V.**                                                              **CAUSE NO. 3:14-CV-580-CWR-FKB**

**JOHN WILKAITIS; BRENTWOOD**                                                  **DEFENDANTS**
**ACQUISITION, INC.**

### ORDER

Before the Court is John Wilkaitis' motion for partial summary judgment on the

plaintiff's punitive damages claim. Docket No. 115. The matter is fully briefed and ready for

adjudication.

"Mississippi law does not favor punitive damages; they are considered an extraordinary

remedy and are allowed with caution and within narrow limits." *Warren v. Derivaux*, 996 So. 2d

729, 738 (Miss. 2008) (citation and quotation marks omitted); *see* Miss. Code Ann. § 11-1-

65(1)(a). That is especially so in run-of-the-mill car accident cases. *E.g.*, *Maupin v. Dennis*, 175

So. 2d 130, 131 (Miss. 1965) ("[T]he trial court erred in submitting to the jury punitive damages.

. . . The conduct of Maupin did not indicate any willful or wanton disregard for the safety or

property of others, but simply negligence in failing to exercise due care in the operation of his

car."). It is therefore unlikely that Wilkaitis will be assessed punitive damages. *See Wallace v.*

*Ford Motor Co.*, No. 3:11-CV-567-CWR-FKB, 2013 WL 2630241, at *3 (S.D. Miss. June 11,

2013) (granting summary judgment on plaintiff's punitive damages claim).

Despite these odds, the Mississippi Supreme Court requires trial judges to examine the

"totality of the circumstances and the aggregate conduct of the defendant" before ruling on

punitive damages. *Bradfield v. Schwartz*, 936 So. 2d 931, 937 (Miss. 2006) (citations omitted).

Here, the totality of the evidence presented at the summary judgment stage shows a fact dispute

as to whether Wilkaitis' actions rise to the level of gross negligence. That fact dispute means it is appropriate to hear all the evidence before deciding whether the jury can consider the plaintiff's punitive damages claim. *See Hankins v. Ford Motor Co.*, No. 3:08-CV-639-CWR-FKB, 2011 WL 6294473, at *2 (S.D. Miss. Dec. 15, 2011) (denying summary judgment on plaintiff's punitive damages claim).

It should go without saying that "the denial of summary judgment on the issue of punitive damages does not foreclose the possibility that the Court might ultimately refuse to submit the question to a jury." *Welch v. Loftus*, 776 F. Supp. 2d 222, 227 (S.D. Miss. 2011) (citation omitted). Wilkaitis may reurge his motion at an appropriate point.

The motion is denied.

**SO ORDERED**, this the 2d day of June, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE